File:  A216-370-877 – York, PA

Date:  DEC 2 7 2018

In re:  Fiston Mukombola NGOY

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Rebecca Hufstader, Esquire

ON BEHALF OF DHS:  Jon D. Staples
                             Assistant Chief Counsel

APPLICATION:  Withholding of removal; Convention Against Torture

      The respondent, a native and citizen of the Congo, has appealed from the Immigration Judge's July 16, 2018, decision denying his applications for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (CAT), 8 C.F.R. §§ 1208.16 and 1208.18.[1]  The Department of Homeland Security (DHS) has filed a brief in opposition to the appeal.  The record will be remanded.

      We review an Immigration Judge's findings of fact, including credibility determinations, under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i).  We review all other issues, including issues of law, discretion, and judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

      On November 9, 2017, the respondent pled guilty to one count of misdemeanor sexual abuse in violation of section 22-3006 of the District of Columbia Code (IJ at 18; Exh. 2, tab C).  For this offense, the respondent was sentenced to 120-days imprisonment, execution of sentence suspended, and nine months' supervised probation (IJ at 18; Exh. 2, tab C).

      The respondent contends that the Immigration Judge erred in finding that he was convicted of a particularly serious crime and, consequently, ineligible for withholding of removal under the Act (Respondent's Br. at 5-12). *See* section 241(b)(3)(B)(ii) of the Act, 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).  We agree.

      For purposes of withholding of removal under both the Act and the Convention Against Torture, an alien convicted of an aggravated felony or felonies for which he or she is sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have been convicted

---

[1]  The respondent does not contest the Immigration Judge's determination that he is statutorily ineligible for asylum because he did not apply for this form of relief within one year of entering the United States as is required, or establish that changed or extraordinary circumstances excuse his delay in filing (IJ at 2; Tr. at 84). *See* sections 208(a)(2)(B)-(C) of the Act.

of a particularly serious crime. *See* section 241(b)(3)(B) of the Act. For convictions not encompassed by these per se rules, an adjudicator must evaluate the nature of the offense, the circumstances and underlying facts of the conviction, and the type of sentence imposed. *Denis v. Att'y Gen. of U.S.*; *Matter of N-A-M-*, 24 I&N Dec 336 (BIA 2007); *Matter of M-H-*, 26 I&N Dec. 46, 49 (BIA 2012).

It is uncontested that the respondent's sexual abuse conviction is a misdemeanor and thus, is not per se a particularly serious crime (IJ at 17). Further, the Immigration Judge acknowledged that the respondent's conviction is a misdemeanor offense for which the maximum possible term of imprisonment is only 180 days (IJ at 19). *See Matter of Juarez*, 19 I&N Dec. 664, 665 (BIA 1988) (holding that "except possibly under unusual circumstances not present here, a single conviction for a misdemeanor offense is not a "particularly serious crime"" as defined in the Act). Nevertheless, the Immigration Judge found based on the nature of the crime and the facts concerning the respondent's conduct, his conviction for misdemeanor sexual abuse constitutes a particularly serious crime (IJ at 19-20). We do not agree. Rather, we agree with the respondent that the least culpable conduct under the DC statute, brushing up against another person, is not a "particularly serious crime." *See Steward v. U.S.*, 6 A.3d 1268, 1274 (D.C. 2010) (upholding a conviction for sexually brushing up against the complainant) *see also Pickney v. U.S.*, 906 A.2d 301 (D.C. 2006) (upholding conviction for touching of genitalia to victim's body during hug). Thus, given that the respondent's single conviction is a misdemeanor with a possible sentence of less than 180 days and he only received 120 day sentence, most suspended, we reverse the Immigration Judge's determination that the respondent has been convicted of a particularly serious crime barring him from withholding of removal.

Next, we will address the Immigration Judge's additional findings related to the respondent's applications for relief. The Immigration Judge found the respondent credible as to the substance of his claims for relief (IJ at 15). However, the Immigration Judge found that the respondent did not adequately corroborate his claims (IJ at 15-16). Under section 208(b)(1)(B)(ii) of the Act, 8 U.S.C. § 1158(b)(1)(B)(ii), the respondent's testimony may be sufficient to sustain his burden of proof, but only if the respondent satisfies the Immigration Judge that the testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate" his eligibility for asylum. In determining whether a respondent has met the burden of proof, the Immigration Judge "may weigh the credible testimony along with other evidence of record." Section 208(b)(1)(B)(ii) of the Act. In *Matter of L-A-C-*, 26 I&N Dec. 516, 518-19 (BIA 2015), the Board held that where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be presented, and that the respondent is not entitled to advance notice from the Immigration Judge of what specific evidence is needed, or an automatic stay to obtain such evidence.

Subsequent to the Immigration Judge's decision, the United States Court of Appeals for the Third Circuit issued *Saravia v. Att'y Gen.*, 905 F.3d 729 (3d Cir. 2018), declining to follow the Board's decision in *Matter of L-A-C-*. In *Saravia*, the court held that Immigration Judges in the Third Circuit are required to give respondents notice "of what corroboration will be expected and an opportunity to present an explanation if the applicant cannot produce such corroboration." *Saravia v. Atty'y Gen.*, 905 F.3d at 731, *citing to Chukwu v. Att'y Gen.*, 484 F.3d 185, 192 (3d Cir. 2007). The respondent argues that based on this new case law his proceedings should be

remanded to provide him the opportunity to submit the corroborative evidence discussed by the Immigration Judge or for further consideration of his explanations as to why such evidence is unavailable (Respondent's Br. at 12-14).

We recognize that, unlike in *Saravia v. Att'y Gen.*, the respondent here was given the opportunity to present corroborating evidence. However, in view of the Third Circuit's recent precedent decision discussing corroboration, and the respondent's stated difficulties in obtaining corroborating evidence from Congo, we conclude that a remand is appropriate for the Immigration Judge to reconsider the issue of corroboration, including making factual findings on the respondent's ability to obtain corroborative evidence. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (discussing the Board's limited fact-finding authority). On remand, both parties should be afforded the opportunity to update the evidentiary record and present additional arguments, and the Immigration Judge should reassess the respondent's eligibility for withholding of removal and protection under the Convention Against Torture as appropriate.

Accordingly, the following order will be entered.

ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

_____
FOR THE BOARD