# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FISTON NGOY, | : | No. 3:18cv1584 |
|     Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Arbuckle) |
| CLAIR DOLL, et al., | : | |
|     Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge William Arbuckle's report and recommendation (hereinafter "R&R") which proposes granting Petitioner Fiston Ngoy's habeas corpus petition to the extent that the petitioner requests an individualized bond hearing. In light of circumstances that have arisen since the filing of the Magistrate Judge Arbuckle's R&R, for the reasons set forth below, we will decline to adopt the magistrate judge's R&R, and dismiss the petitioner's habeas corpus petition as moot.

## Background

Petitioner Fiston Ngoy is a native of the Democratic Republic of Congo who entered the United States on a student visa on December 31, 2012. (Doc. 11, R&R at 2). He overstayed his visa and has had multiple arrests and two misdemeanor convictions, one for controlled substances and one for sexual abuse. (Id.) He has been held in immigration detention since January 14, 2018.

(Id.) He applied for withholding of removal but was determined to be ineligible due to his sex offense conviction.

On August 9, 2019, the petitioner filed the instant habeas corpus petition seeking an immediate bond hearing. (Id. at 1). At that time, the petitioner was being detained pursuant to 8 U.S.C. § 1226(c), which mandates detention during the pendency of removal proceedings for noncitizens with certain criminal convictions. The petitioner had an appeal lodged with the Board of Immigration Appeals, however, challenging the Immigration Law Judge's decision that his misdemeanor sex offense was a "serious crime," and that because of that conviction, he was not eligible for withholding from removal under the Convention Against Torture. (Id.)

On February 3, 2019, the petitioner's counsel filed a letter with the court informing the court that the Board of Immigration Appeals reversed the decision of the Immigration Law Judge. (Id. at 2). The Board of Immigration Appeals found that the petitioner's misdemeanor sex offense was not a "serious crime" that made him ineligible for withholding from removal. (Id.) The Board of Immigration Appeals remanded the petitioner's application for withholding from removal for a new hearing. (Id.)

On February 15, 2019, while petitioner was waiting for the new hearing on his application for withholding from removal, Magistrate Judge Arbuckle issued

his R&R. Magistrate Judge Arbuckle reviewed the petitioner's detention under 8 U.S.C. § 1226(c) and recommended that the petitioner be afforded an individualized bond hearing to determine whether continued detention was necessary. The government objected to the report and recommendation, (Doc. 12), and the petitioner, through counsel, responded, (Doc. 14), to those objections.

The parties have since filed supplemental briefs, informing the court that on March 26, 2019, on remand, the Immigration Law Judge granted the petitioner's application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). (Docs. 16, 17). The Department of Homeland Security did not appeal this decision, so the decision became final on April 25, 2019. The parties agree that the petitioner is now being detained pursuant to 8 U.S.C. § 1231(a)(2), which provides for detention of noncitizens with certain criminal convictions during a ninety-day removal period. During this time period, the petitioner may now be removed to any other nation but the Democratic Republic of Congo. The parties further appear to agree that the ninety-day period of removal for the petitioner commenced on March 29, 2019 and expires on June 24, 2019.

**Jurisdiction**

Because this case is brought under 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Absent objection to the report and recommendation, a district court should still "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).The law describes this level of review as "reasoned consideration." Id. Absent a clear error on the face of the record or a manifest of injustice, we may adopt the recommendation by the magistrate judge. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

The petitioner brings this action pursuant to 28 U.S.C. § 2241, which provides that a prisoner may be extended the writ of habeas corpus if "[h]e is in

4

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That statute also provides this court with jurisdiction to hear immigration cases of this type. Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (finding that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to removal period detention.). The petitioner's original complaint in his petition was that he was being held in detention for an unreasonable period of time during the pendency of his removal proceedings from the United States.

**Discussion**

Because the petitioner has switched from pre-final order detention status to post-final order detention status, the government argues that the petitioner's habeas corpus petition, which was filed while he was being detained pursuant to 8 U.S.C. § 1226(c) is now moot. After careful consideration, we agree with the government.

In Ufele v. Holder, 473 F. App'x 144 (3d Cir. 2012), the Third Circuit addressed this very issue. In Ufele, the petitioner had also been detained pursuant to 8 U.S.C. § 1224 at the time he filed his petition for a writ of habeas corpus. Like the instant petitioner, Ufele had argued, among other things, that his immigration detention violated his due process rights. While his habeas corpus petition was pending, and Immigration Law judge denied Ufele's request for a

5

change in custody status. The Immigration Law Judge's decision was made final, and Ufele's detention switched from 8 U.S.C. § 1226 to 8 U.S.C. § 1331. The Third Circuit Court of Appeals affirmed the district court's dismissal of Ufele's habeas corpus petition as moot, noting that:

> [I]nsofar as Ufele challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to that statute, his appeal is moot and must be dismissed for lack of jurisdiction. Article III of the Constitution states that 'federal courts may adjudicate only actual, ongoing cases or controversies.' Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Here, the injury alleged is an unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226. Because this injury can no longer be redressed by a favorable judicial decision, this issue is moot. See Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 151 (3d Cir.1993) (internal quotation and citation omitted).

Ufele, 473 Fed. Appx. at 146.

As such, because the petitioner's detention status has switched from pre-final order detention pursuant to 8 U.S.C. § 1224 to post-final order detention pursuant to 8 U.S.C. § 1331, we find that his instant petition for habeas corpus is moot.

Date: __5/15/19__              BY THE COURT:

                                                                      s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**